# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01989-CMA-MJW

RICHARD VILLANUEVA

      Plaintiff,

v.

CITY OF FOUNTAIN,
CITY OF FOUNTAIN FIRE DEPARTMENT, and
DARIN ANSTINE, in his individual and official capacities,

      Defendants.

---

## STIPULATED PROTECTIVE ORDER
( Docket no 27-1 )

---

The Court enters the following Protective Order pursuant to FED. R. CIV. P. 26(c).

1. In this action, the Parties anticipate that certain Confidential Information will be disclosed or sought during the course of discovery, namely, the health information of third parties. The Parties further anticipate that there may be questioning concerning such Confidential Information in the course of depositions and/or during trial. The Parties agree that the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' or a third party's business or privacy interests. The Parties have therefore entered into this Stipulation and have requested that the Court enter this Protective Order for the purpose of preventing the disclosure and use of this Confidential Information except as set forth herein.

2. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

3. As used herein, the term "document" means a writing, as defined in F.R.E. 1001 and includes the original or a copy of handwriting, typewriting, printing, photostating, photographing, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

4.     "Confidential Information" means any document, record, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom that contains "individually identifiable health information" (as defined by 45 C.F.R. § 160.103) of a third party and that is designated by a Party as "Confidential Information" in the manner provided in Paragraph 5.

5.     When Confidential Information is produced, provided or otherwise disclosed by a Party, it will be designated as such in the following manner:

  a.  By placing or affixing on the word "Confidential" on each page containing any Confidential Information (in a manner that will not interfere with the document's legibility);

  b.  By imprinting the word "Confidential" next to or above any response to a written discovery request; and

  c.  With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions containing Confidential Information as "Confidential" no later than 14 calendar days after receipt of the transcribed testimony.

6.     Confidential Information as identified in Paragraph 4 and 5 above shall be subject to the following restrictions:

  a.  It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever; and

  b.  It shall not be communicated or disclosed by any Party, their attorney or any expert in any manner, either directly or indirectly, to anyone except for purposes of this case, as described in Paragraph 7 below.

7.     Access to Confidential Information is restricted to the following persons:

  a.  The Parties and their counsel of record in this litigation;

  b.  Paralegals, assistants, secretaries, and other persons regularly employed in the offices of the undersigned counsel;

  c.  Expert witnesses and consultants who are directly employed or retained in connection with this action, but only to the extent that such disclosure is necessary to enable them to perform the services for which they are retained. All such expert witnesses and consultants to whom such disclosure is made shall be provided with a copy of this Protective Order and expressly advised

of its requirement that Confidential Information is not to be disclosed by them to anyone else or to be used for any purpose other than trial preparation, trial or appeal of this action;

d. Any person whose testimony is taken in deposition or at trial, or any potential witness. All such persons may only be shown the marked copies of Confidential Information and may not retain any Confidential Information, unless such person is otherwise identified in this Paragraph 7;

e. Certified court reporters recording depositions in this action;

f. Any mediators and their staff who are retained by the Parties as part of this case; and

g. The Court, its staff, and jurors during trial.

8. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold the Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, or entity or government agency unless authorized to do so by Court Order.

9. The Party's counsel who discloses the Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed.

10. During the pendency of this action, opposing counsel may request information and a Court Order to establish the source of an unauthorized disclosure of the Confidential Information.

11. No copies of the Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation. During the pendency of this litigation, counsel shall retain custody of the Confidential Information.

12. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed as a restricted document with a Level 1 restriction (limiting access to the Parties and the Court) in compliance with the requirements of D.C.COLO.LCIVR 7.2, including the filing of a Motion to Restrict Public Access. The Parties further agree that any such motion seeking to restrict public access to documents or information designated as "Confidential" pursuant to this Protective Order may be filed as unopposed.

13. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information

pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, — until Termination of This Case.

14.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

15.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under FED. R. CIV. P. 26 or from filing a motion with respect to the manner in which the Confidential Information shall be treated at trial.

16.     Nothing contained in this Protective Order shall preclude any Party from using its own Confidential Information in any manner it sees fit, without prior consent of any other Party or the Court.

17.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

Dated this ___4th___ day of ~~December, 2015~~. January 2016.


BY THE COURT:

_____

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

4